1 Michael H. Crosby (SBN 125778)
  D. F. Garrettson House
2 2366 Front Street
  San Diego, CA 92101
3 Telephone: (619) 696-7330
  Facsimile: (619) 239-5872
4

5 Attorney for Plaintiff JACOB CALANNO

FILED
07 OCT 29 PM 1:40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

07 CV 2052 BTM (POR)

| | |
|---|---|
| JACOB CALANNO, a California citizen,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TERRA VAC CORPORATION, a California corporation; TERRA-VAC, INC., a corporation, dba TERRA-VAC, P.R.; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. _____<br><br>COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT (31 USC §3730(h)); MISREPRESENTATION TO POTENTIAL EMPLOYER (Civil Code §§1050, 1054); LIBEL AND SLANDER *PER SE* (Civil Code §§44-46)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JACOB CALANNO ("Plaintiff" or "CALANNO") alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff resides and at all relevant times has resided in the County of Imperial, State of California.

2. Defendant TERRA VAC CORPORATION ("Defendant" or "TERRA VAC") is a corporation organized in the state of California. Plaintiff is informed and believes that TERRA VAC's corporate charter has been forfeited.

3. Defendant TERRA-VAC, INC. ("Defendant" or "TERRA-VAC, P.R.") is a corporation organized in an unincorporated territory of the United States. Plaintiff is informed and believes it is doing business as TERRA-VAC, P.R. Plaintiff is informed and

1

ORIGINAL   Complaint For Violation of Federal False Claims Act (31 USC §3730(h)); Misrepresentation to Potential Employer (Civil Code §§1050, 1054); Libel and Slander *Per Se* (Civil Code §§44-46)

believes that TERRA VAC and TERRA-VAC, P.R. operate as one entity, sharing personnel and financial functions such that each is the alter ego of the other.

4. Defendants at all relevant times have done business in Imperial County, State of California.

5. Defendants directed Plaintiff in all his job duties and retained the right to control all material aspects of his employment.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of these DOE Defendants when ascertained. Plaintiff is informed and believes and thereon alleges that each of such fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that the injuries alleged herein were proximately caused by acts of such DOE Defendants.

7. All of the described conduct, acts and failures to act described hereinbelow were performed by, and are attributed to, all Defendants, acting as agents and employees under the direction and control of the other Defendants, except where specifically alleged otherwise. These acts and failures to act were within the scope of such agency and/or employment, unless stated otherwise, and each Defendant ratified the acts and omissions of each of the other Defendants. Each of these acts and failures to act is alleged against each Defendant whether acting individually, jointly or severally.

## FACTUAL ALLEGATIONS

8. Plaintiff was hired by OHM, a corporation located in Findlay, Ohio, in 1997. Plaintiff was assigned to work at El Centro Naval Air Facility ("Airbase") under a contract between OHM and the U.S. Navy.

9. Foster Wheeler built and maintained an incinerator on Airbase. Foster Wheeler, then Cape Environmental, operated the incinerator and performed other environmental tasks at Airbase under a series of one-year contracts with the Navy. Plaintiff is informed and believes that Defendants' contract contained a six-month

1 probationary term.

2    10. Plaintiff was employed continuously by each company who obtained the Airbase environmental contract. Plaintiff agreed with each successive employer, including Defendants, that each such successive employer would continue to vest and fund Plaintiff's pension. By 2005, Plaintiff was senior incinerator operator and field operations supervisor.

   11. As part of the contract, Defendants and their predecessors dug wells and drew water from the bottom by use of "slurp tubes." Mixed in and with the water were contaminant vapors such as lead, mercury, aviation fuel and sewage. One of Plaintiff's duties was to separate and incinerate the contaminant vapors.

   12. The slurp tubes also brought up debris, which was trapped in a filter screen, and the filter was cleaned manually.

   13. James Keegan, Defendants' project manager, directed Plaintiff to raise the slurp tube three feet off the bottom of the wells. This resulted in reducing the effluent trapped in the filter, thus benefitting Defendants by cutting filter supply costs and labor costs. Raising the tubes, however, resulted in an inability to bring up the toxic vapors that Plaintiff was employed to incinerate. Keegan also ordered that the gas used for calibrating the meter that monitored contaminants be changed from methane to hexane, which caused the numbers Defendants reported to Navy to increase, even if the actual performance did not change.

   14. To monitor performance of the cleanup contract, the Navy held monthly meetings with Defendants' personnel, including Plaintiff and Keegan. It also required maintenance of VEP Monitoring Logs, which were provided to the Navy for review.

   15. The result of Defendants' manipulations was to compromise the efficiency of the project and damage the wells if they were not maintained properly. At meetings with Navy personnel, Vice President Jim Keegan misrepresented these manipulations and misrepresented the performance and effectiveness of the vapor removal. Since Defendants had a performance-based contract with the Navy, and since renewal of

3

Complaint For Violation of Federal False Claims Act (31 USC §3730(h)); Misrepresentation to Potential Employer (Civil Code §§1050, 1054); Libel and Slander *Per Se* (Civil Code §§44-46)

1  Defendants' contract was contingent on a positive performance review, Keegan's
2  misleading statements were intended to and did defraud the federal government, and
3  were intended to and did benefit Defendants.

4      16.    In late September or early October 2005, Plaintiff discovered that
5  Defendants were not in compliance with regulations of the California Air Pollution Control
6  Board, which sets a maximum ppm for emissions.  Plaintiff immediately reported this to
7  Keegan on his daily report form.  Readings were retaken but Keegan dismissed the high
8  numbers as a "spike."  Plaintiff double-checked Keegan's spike, but could not confirm it.
9  He suspected that Defendants were misrepresenting its emissions to the Navy.

10     17.    On October 5, 2005 Plaintiff informed the Navy of Defendants' fraudulent
11 activities.  Although Plaintiffs' report was anonymous, there are few, if any, other
12 employees of Defendants who could have known all the facts contained in Plaintiff's
13 complaint.  In fact, one Navy officer told Plaintiff that Defendants would figure out who
14 made the report.  The Navy subsequently hired Bechtel Co. to conduct an independent
15 audit of Defendants.  Bechtel's report confirmed Plaintiff's concerns.

16     18.    On October 26, 2005, Keegan informed Plaintiff that he was being
17 terminated.  His last day of work was October 28, 2005.  Keegan alleged poor
18 performance, but was unable to provide any specific incidents to back up his assertion
19 that Plaintiff's performance had not met expectations. Plaintiff requested a written
20 explanation.  Keegan provided a written explanation of the reasons for Plaintiff's
21 termination, but the letter was removed from Plaintiff's desk.  Whatever the real or
22 purported reason for discharge, Plaintiff is informed and believes that Defendants
23 reported Plaintiffs' termination as its corrective response to criticisms made by
24 investigators.

25     19.    Plaintiff is further informed and believes that the Navy subsequently
26 conducted its own investigation and issued a report of its own.
27 / / /
28 / / /

## FIRST CAUSE OF ACTION

### Violation of Federal False Claims Act
### (31 USC §3730[h])

20. Plaintiff hereby incorporates Paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff was employed by Defendants in 2005. As set forth above, Defendants registered knowingly false claims with the U.S. Navy in 2005.

22. Plaintiff reported these false claims both in regularly-scheduled meetings with Terra Vac and Navy project personnel and in a separate report to the Navy.

23. As a direct result of its knowledge of Plaintiff's report, and in order to establish Plaintiff as a scapegoat for its own wrongdoing, Defendants discharged Plaintiff from his employment.

24. As a result of Defendants' wrongdoing, Plaintiff suffered loss of reputation and severe emotional distress.

25. As a further result of the discharge, Plaintiff lost past and future income, his pension and other benefits, and suffered other general and special damages, in amounts to be proven at trial.

## SECOND CAUSE OF ACTION

### Misrepresentation To Potential Employer
### [Civil Code §§1050, 1054]

26. Plaintiff hereby incorporates Paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is informed and believes that employees or agents of Defendants have knowingly misrepresented Plaintiff's performance and the actual reason for his termination to potential employers. These misrepresentations include, but are not limited to, statements that Plaintiff submitted false numbers to Defendants and the Navy.

28. These misrepresentations have caused Plaintiff to suffer further lost reputation and severe emotional distress. The allegations have also negatively impacted

1  Plaintiff's job search and may have effectively ended his career in environmental clean-
2  up.

3   29.  Defendants' false reports concerning Plaintiff, his job performance and his
4  character, disseminated or approved by managing agents of Defendants, constitute
5  malice, oppression or fraud directed to Plaintiff.

### THIRD CAUSE OF ACTION

**Libel and Slander *Per Se*
(Civil Code §§44-46)**

 30.  Plaintiff hereby incorporates Paragraphs 1 through 29 as though fully set forth herein.

 31.  Plaintiff is informed and believes that Defendants have made written and oral representations as to Plaintiffs' honesty and the quality of his work at Airbase and the reasons for his discharge. These representations are false, and knowingly so.

 32.  Plaintiff is informed and believes that the false representations referred to in ¶31 above were uttered maliciously and with knowledge of their falsity, or with no reasonable grounds to believe them to be true.

 33.  Plaintiff is informed and believes that false representations were published by Defendants' employees to officials of the U.S. Navy, to Bechtel investigators, and to potential employers of Plaintiff, *inter alia*.

 34.  As a result of these false representations, Plaintiff has suffered lost reputation, humiliation, anxiety and mental anguish, and the loss of future compensation and benefits.

 35.  The false representations have further harmed Plaintiff by limiting his ability to pursue his chosen occupation or career, and thus impaired his earning capacity.

 36.  The false representations concerning Plaintiff were published or approved by managing agents of Defendants, and constitute malice, oppression and fraud.

/ / /
/ / /

**PRAYER FOR RELIEF**

WHEREFOR, Plaintiff JACOB CALANNO prays for judgment against Defendants TERRA VAC CORPORATION and TERRA-VAC, P.R., jointly and severally, as follows:

1. For past, present and future lost compensation and benefits in an amount to be proven at trial, not less than $2,000,000.00;

2. For special damages in an amount to be proven at trial, not less than $1,000,000.00;

3. For general damages in an amount to be proven at trial, not less than $2,000,000.00;

4. For double or treble damages, as authorized by law;

5. For exemplary and punitive damages in an amount sufficient to punish and set an example of Defendants;

6. For attorney's fees and other costs of bringing suit;

7. For prejudgment interest;

8. For a declaration of alter ego and other rights;

9. For such other relief as the Court may deem just and proper; and

10. For a jury trial.

DATED:   October 25, 2007

MICHAEL H. CROSBY
Attorney for Plaintiff
JACOB CALANNO

Complaint.wpd

Complaint For Violation of Federal False Claims Act (31 USC §3730(h)); Misrepresentation to Potential Employer (Civil Code §§1050, 1054); Libel and Slander *Per Se* (Civil Code §§44-46)

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

         # 143803      - SR

         October 29, 2007
              13:53:41

           Civ Fil Non-Pris
      USAO #.: 07CV2052 CIV. FIL.
      Judge..: BARRY T MOSKOWITZ
      Amount.:                      $350.00 CK
      Check#.: BC#1137


              Total-> $350.00


         FROM: CALANNO V. TERRA VAC CORP.
               DOES 1 - 100
               CIV. FIL.
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JACOB CALANNO

**(b)** County of Residence of First Listed Plaintiff: Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael H. Crosby, Esq., The Garrettson House,
2366 Front Street, San Diego, CA 92101, (619) 696-7330

## DEFENDANTS
TERRA VAC CORPORATION, a corporation, TERRA-VAC, INC., a corporation, dba TERRA-VAC, P.R.; and DOES 1-100

County of Residence of First Listed Defendant: Imperial
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED 07 OCT 29 PM 1:02
SOUTHERN DISTRICT OF CALIFORNIA
07 CV 2052 BTM (POR)
DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
31 USC Section 3730(h)
Brief description of cause:
Discharge from employment with contractor at El Centro NAF due to complaints he made to U.S. Navy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 10/25/2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 143803  AMOUNT $350  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____
10/29/07

**ORIGINAL**