Barry M. Vrevich, Esq. (SBN 123999)
Jillian M. Fairchild, Esq. (SBN 246846)
MAXIE RHEINHEIMER STEPHENS & VREVICH, LLP
350 10ᵀᴴ Avenue, Suite 900
San Diego, CA 92101
(619) 515-1155; Fax (619) 515-1159

Attorneys for Defendants
**TERRA VAC CORPORATION and
TERRA-VAC, INC. dba TERRA-VAC, P.R.**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CALANNO, | CASE NO. 07cv2052-BTM (POR) |
| Plaintiff, | |
| v. | Hearing Date: 05/02/2008<br>Time          : 11:00 a.m.<br>Courtroom : 15 |
| TERRA VAC CORPORATION, a California corporation; TERRA-VAC, INC., a corporation, dba TERRA-VAC, P.R.; and DOES 1 through 100, inclusive | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)** |
| Defendants. | |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Defendants TERRA VAC CORPORATION and TERRA-VAC, INC. doing business as TERRA-VAC, P.R. (collectively "TERRA-VAC") submit the following memorandum of points and authorities in support of their motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

I.

**INTRODUCTION**

Plaintiff was originally hired by OHM, a corporation located in Findlay, Ohio, to work at the El Centro Naval Air Facility ("El Centro") under a contract between OHM and the United States

1  Navy. (*See Plaintiff's Complaint, page 2, lines 22-24*).

2      Plaintiff was employed to help operate the incinerator and perform other environmental tasks
3  at El Centro. The United States Navy contracted the environmental cleanup work at El Centro out to
4  various companies with whom Plaintiff was continuously employed.

5      TERRA-VAC specializes in environmental remediation by the use of vacuum extraction
6  technology for the removal of volatile contaminants from the subsurface. TERRA-VAC contracted
7  with the United States Navy to perform the environmental remediation at El Centro.

8      Plaintiff alleges that TERRA-VAC directed Plaintiff to raise the "slurp tubes" that drew the
9  contaminated water up three (3) feet, in order to reduce effluent trapped in the filter and reduce filter
10 costs. (*See Plaintiff's Complaint, page 3, lines 13-20*). Plaintiff further alleges that TERRA-VAC
11 changed the reported contaminants from methane to hexane in order to cause the numbers to
12 artificially increase. (*See Plaintiff's Complaint, page 3, lines 13-20*). Plaintiff alleges that he was
13 terminated by TERRA-VAC on October 26, 2005, in retaliation for reporting TERRA-VAC's
14 activities to the United States Navy. (*See Plaintiff's Complaint, page 4, lines 16-24*).

15     Plaintiff has alleged causes of action for violation of the False Claims Act, misrepresentation
16 to a potential employer, and libel and slander per se. As explained below, Plaintiff has not alleged
17 facts sufficient to support these causes of action against TERRA-VAC.

18     Furthermore, Plaintiff's complaint alleges the above causes of action in an attempt to plead
19 around two roadblocks to a wrongful termination action: (1) the two year statute of limitations and
20 (2) failure to exhaust administrative remedies. Plaintiff's wrongful termination action would
21 necessarily fail because of these two defects. For this reason, Plaintiff has brought these three causes
22 of action to avoid the pitfalls of a wrongful termination action.

23     TERRA-VAC respectfully requests that Plaintiff's complaint be dismissed pursuant to Federal
24 Rules of Civil Procedure 12(b)(6).

## II.

## PLAINTIFF'S FALSE CLAIMS ACT CLAIM FAILS BECAUSE THE PROCEDURAL PREREQUISITES TO A 31 U.S.C. 3730(h) CLAIM ARE NOT ALLEGED

28     31 USC §3729 provides liability arising from false claims knowingly made to the United

1  States Government. Civil actions for false claims are governed by 31 USC §3730. The False Claims
2  Act provides private persons with a cause of action, however, it requires that, "The action shall be
3  brought in the name of the government." 31 USC §3730(b). United States Code section 31 USC
4  §3730 provides further procedures for bringing a civil action pursuant to the False Claims Act,
5  including in camera filing and service of the complaint and material evidence on the Government and
6  a 60 day waiting period that allows the government to elect to intervene.
7       Plaintiff has failed to allege compliance with the above procedures. Plaintiff has brought his
8  claim under the False Claims Act in his name individually and not in the name of the Government.
9  Plaintiff failed to serve the action on the government and comply with the 60 period allowing the
10 government to decide whether to intervene.
11      The government has not elected to intervene and proceed with the action pursuant to 31 USC
12 3730. If Plaintiff had followed the proper procedures and the government decided to pursue the
13 action, then the government would proceed with the action and Plaintiff would be a qui tam plaintiff.
14 Plaintiff has instead opted to bring the action in his own name in violation of the procedures laid out
15 in 31 U.S.C. 3730.
16      Plaintiff has alleged that he was discharged in retaliation for his reporting false claims, but
17 does not allege any lawful acts that were taken by him to further a claim brought under 31 USC
18 3730(h). 31 USC 3730(h) requires that these acts be "done by the employee...in furtherance of an
19 action under this section, including investigation for, initiation of, testimony for, or assistance in an
20 action filed or to be filed." Plaintiff simply alleges that he reported false claims and was discharged
21 from his employment. These are conclusory allegations that fail to provide a factual basis for this
22 cause of action. Plaintiff makes no reference whatsoever to any qui tam action that has been filed or
23 any qui tam action that will be filed. Plaintiff's actions are not in furtherance of a claim pursuant to
24 the False Claims Act, and necessarily fail to state a cause of action.
25      Plaintiff has clearly failed to state facts sufficient to support a claim under the False Claims
26 Act and his first cause of action should be dismissed.
27 ///
28 ///

## III.

## PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICIENT TO STATE A CAUSE OF ACTION FOR MISREPRESENTATION TO A POTENTIAL EMPLOYER

California Civil Code Sections 1050 and 1054 do not apply to the present cause of action. The applicable code sections are actually California Labor Code section 1050 and 1054.

California Labor Code Section 1050 provides that:

> Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person...by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor.

This code section, [incorrectly] cited by Plaintiff in support of his cause of action for misrepresentation, provides for criminal penalties that are inapplicable to the current civil case.

California Labor Code Section 1054 provides civil liability for the same conduct covered by section 1050. Plaintiff has alleged that TERRA-VAC has made misrepresentations to his potential employers regarding his job performance.

California Civil Code Section 47(c) provides a conditional privilege for statements made without malice by a current or former employer to a prospective employer. Civil Code §47(c) provides in part that the privilege,

> "applies to and includes communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant."

Therefore, statements made by former or present employers to prospective employers without malice are privileged under California Civil Code section 47(c).

This privilege protects any statements made by TERRA-VAC to any of Plaintiff's prospective employers without malice. For purposes of determining whether the privilege applies, malice "is not inferred from the communication itself." (Noel v. River Hills Wilsons, Inc. (2003) 113 Cal.App.4th 1363,1370). The malice required to overcome this qualified privilege is actual malice or malice in fact, or "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or

1  injure another person." (Id., citing Lundquist v. Reusser (1994) 7 Cal.4th 1193, 1204; Brown v. Kelly
2  Broadcasting Co. (1989) 48 Cal.3d 711, 723).
3        Plaintiff has failed to state facts sufficient to constitute malice on the part of TERRA-VAC
4  to overcome the conditional privilege afforded by Civil Code section 47(c). Plaintiff simply alleges
5  that TERRA-VAC has made misrepresentations and that the misrepresentations include statements
6  that Plaintiff submitted false numbers to the Defendant and Navy. (*See Plaintiff's Complaint, page*
7  *5, lines 23-26*). He does not allege facts regarding TERRA-VAC's state of mind when the alleged
8  statements were made, nor does he allege TERRA-VAC had any ill-will in making these alleged
9  statements. Plaintiff simply alleges that these misrepresentations were made and has alleged no malice
10 on the part of TERRA-VAC that would overcome the conditional privilege.
11       Plaintiff also fails to allege any of these statements were made within the one year statute of
12 limitations that applies to actions for libel and slander pursuant to California Code of Civil Procedure
13 section 340(c). Plaintiff was discharged from his position at TERRA-VAC on October 26, 2005, more
14 than two years before he filed a complaint. The misrepresentations that Plaintiff alleges were made
15 to prospective employers could have been made any time during those two years or before his
16 termination. Plaintiff fails to allege that these statements were made within the one year statute of
17 limitations. If these representations fall outside of the one year statute of limitations, then his claim
18 is time-barred.
19       The alleged statements made by TERRA-VAC to Plaintiff's prospective employers are
20 protected by the conditional privilege. Additionally, Plaintiff has failed to allege that these statements
21 were made within the one year statute of limitations. For these reasons, Plaintiff has failed to state
22 facts sufficient to support a claim for misrepresentation to a potential employer.

### IV.
### PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO STATE
### A CAUSE OF ACTION FOR LIBEL AND SLANDER PER SE

26       In his third cause of action, Plaintiff alleges that TERRA-VAC has made written and oral
27 representations regarding his honesty, the quality of his work, and the reasons for his discharge. (*See*
28 *Plaintiff's Complaint, page 6, lines 11-13*). Plaintiff's third cause of action is basically a reiteration

of his second cause of action except that he further alleges that, in addition to Plaintiff's potential employers, the statements were made to the U.S. Navy and investigators. (*See Plaintiff's Complaint, page 6, lines 17-19*).

Just as with the second cause of action, the statements alleged in Plaintiff's third cause of action made to potential employers of Plaintiff fall within the conditional privilege afforded by Civil Code section 47(c). Plaintiff alleges no malice, ill-will or further factual allegations regarding TERRA-VAC's state of mind at the time that these statements were made that would overcome the conditional privilege. The conclusory factual allegations that the statements were "uttered maliciously and with knowledge of their falsity" is not enough to overcome the privilege.

Further, as stated above California Code of Civil Procedure Section 340(c) provides a one year statute of limitations for actions for libel and slander. Plaintiff fails to allege that any of these statements were made within the one year statute of limitations that applies to actions for libel and slander. Plaintiff was discharged from his position at TERRA-VAC on October 26, 2005, more than two years before he filed a complaint. The misrepresentations that Plaintiff alleges were made to prospective employers and others could have been made any time during those two years or before his termination.

The alleged statements made by TERRA-VAC to Plaintiff's prospective employers are protected by the conditional privilege. Additionally, Plaintiff has failed to allege that any of these statements were made within the one year statute of limitations. For these reasons, Plaintiff has failed to state facts sufficient to support a claim for libel and slander per se.

V.

**ALL OF PLAINTIFF'S CAUSES OF ACTION FAIL BECAUSE THIS IS AN ARTFULLY-PLED CASE OF WRONGFUL TERMINATION**

Plaintiff is attempting to plead around the obvious defects of his claim for wrongful termination in violation of public policy. Plaintiff has alleged the aforementioned causes of action against his former employer because his claim for wrongful termination is fatally defective. Plaintiff's claim for wrongful termination is fatally defective because (1) it has been brought beyond the two year statute of limitations and (2) Plaintiff has failed to exhaust his administrative remedies.

1   A two year statute of limitations applies to actions for wrongful discharge in violation of public policy. (California Code of Civil Procedure 335.1). The statute of limitations is triggered when the employee receives notice of his termination. Smith v. United Parcel Service (1995) 65 F.3d 266, 268). On October 26, 2005, Plaintiff was informed that he was being terminated. (*See Plaintiff's Complaint, page 4, lines 16-17*). Plaintiff's complaint was not filed until October 29, 2007. Therefore, Plaintiff's complaint was filed beyond the two year statute of limitations.

"In California, it is well-settled that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." (Gutierrez v. RWD Technologies, Inc. (2003) 279 F.Supp.2d 1223, 1225, citing Abelleira v. Dist. Ct. of Appeal (1941) 17 Cal.2d 280, 292). The purpose of the administrative exhaustion requirement is to allow the administrative agency the opportunity to investigate and resolve the complaint. Where appropriate, the agency can provide a more economical resolution, including ordering and monitoring corrective measures and agency hearings in place of judicial resolution. (Rojo v. Kliger (1990) 52 Cal.3d 65, 83).

Several statutes provide administrative remedies for wrongful termination. The Fair Employment and Housing Act ("FEHA") allows an administrative remedy for, among other things, wrongful termination and employment discrimination based on physical disability or medical condition. (California Government Code §12900, et seq.) An employee must exhaust an administrative remedy provided by FEHA by filing an administrative complaint with the Department of Fair Employment and Housing ("DFEH") and the failure to do so is a jurisdictional defect.(Martin v. Lockheed Missiles & Space Company (1994) 29 Cal.App.4th 1718, 1724).

The appropriate agency to file charges for employment discrimination in violation of Title VII of the Civil Rights Act is the Equal Employment Opportunity Commission. (42 U.S.C. e-5(f).) Further, if a plaintiff plans on claiming discrimination under both federal and state law, then he must obtain right-to-sue letters from both the DFEH and the EEOC. (Jones v. Grinnel Corp. (5th Cir. 2000) 235 F.3d 972,975).

Plaintiff has failed to exhaust his administrative remedies and is trying to plead around the requirement. Plaintiff has failed to file claims with the appropriate agencies and has failed to obtain

1  and attach the necessary right-to-sue letters from the EEOC and/or the DFEH.

2  If Plaintiff brought a claim for wrongful discharge in violation of public policy, it would necessarily fail because he has not exhausted his administrative remedies and his complaint was filed beyond the two year statute of limitations. For this reason, Plaintiff has brought unsubstantiated causes of action against his former employer under the False Claims Act, for misrepresentation to potential employers, and for libel and slander. Plaintiff is attempting to plead around the obvious defects of a claim for wrongful termination.

## VI.

## CONCLUSION

For all of the foregoing reasons, according to the statutory and decisional authority cited herein, and in conformity with the principles of equity and fairness which guide this court, TERRA-VAC respectfully requests that this court grant this motion to dismiss Plaintiff's complaint.

Dated: March 18, 2008.

**MAXIE RHEINHEIMER STEPHENS & VREVICH, LLP**

By: _____
Barry M. Vrevich
Jillian M. Fairchild
Attorneys for Defendant, **TERRA VAC CORPORATION and TERRA-VAC, INC. dba TERRA-VAC, P.R.**