Barry M. Vrevich, Esq. (SBN 123999)
Jillian M. Fairchild, Esq. (SBN 246846)
MAXIE RHEINHEIMER STEPHENS & VREVICH, LLP
350 10TH Avenue, Suite 900
San Diego, CA 92101
(619) 515-1155; Fax (619) 515-1159

Attorneys for Defendants
TERRA VAC CORPORATION and
TERRA-VAC, INC. dba TERRA-VAC, P.R.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CALANNO,<br><br>    Plaintiff,<br><br>v.<br><br>TERRA VAC CORPORATION, a California corporation; TERRA-VAC, INC., a corporation, dba TERRA-VAC, P.R.; and DOES 1 through 100, inclusive<br><br>    Defendants. | CASE NO. 07cv2052-BTM (POR)<br><br>Hearing Date: 05/02/2008<br>Time         : 11:00 a.m.<br>Courtroom : 15<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Defendants TERRA VAC CORPORATION and TERRA-VAC, INC. doing business as TERRA-VAC, P.R. (collectively "TERRA-VAC") submit the following reply to JACOB CALANNO's ("Plaintiff") memorandum in opposition to motion to dismiss.

I.

**PLAINTIFF'S ALLEGATIONS DO NOT MEET THE REQUIREMENTS**

**FOR A CLAIM BROUGHT PURSUANT TO 31 U.S.C. 3730(h)**

In his opposition papers, Plaintiff correctly points out that the filing of a qui tam action is not required. However, as also pointed out by Plaintiff, in order to qualify for protection under the False

1

Claims Act's whistleblower provision contained in 31 U.S.C. 3730(h) the employee must show that "(1) the employee must have been engaging in conduct protected under the act; (2) the employer must have known that the employee was engaging in such conduct; (3) the employer must have discriminated against the employee because of her protected conduct." (United States ex rel. Hopper v. Anton, 91 F.3d 1261, 1269 (9th Cir. 1996).

More specifically, in engaging in the protected activity, the employee must conduct some investigation outside of the scope of his normal employment responsibilities. ((Robertson v. Bell Helicopter Textron, Inc. (1994) 32 F.3d 948, 952 ("Robertson").) In Robertson, the court held that Robertson did not engage in protected activity because there was no evidence that concerns made to his employer were "other than those typically raised as part of a contract administrator's job" and his conduct was "consistent with his duty, as a contract administrator." (Id.)

In addition, the employer must know that the plaintiff is engaged in protected activity that reasonably could lead to a False Claims Act case. (Yesudian v. Howard University (1998) 153 F.3d 731, 742 ("Yesudian").) Although it is not necessary for an employee to file a qui tam action, "a plaintiff still must show that his employer was aware of his protected activity. Merely grumbling to the employer about job dissatisfaction or regulatory violations does not satisfy the requirement -just as it does not constitute protected activity in the first place." (Id. at 743.)

Plaintiff has not alleged any investigation outside of the scope of his normal employment responsibilities. The only investigation that Plaintiff alleges in his complaint arose from a single incident. Plaintiff alleges that, on his daily report form, he reported to TERRA VAC that emissions were not in compliance with regulations of the California Air Pollution Control Board. (*See Plaintiff's Complaint, page 4, lines 5-8.*) Just as with the plaintiff in Robinson, reporting this information on his daily report form was part of Plaintiff's normal responsibilities. Plaintiff does not allege any further investigative activity protected by the False Claims Act. Further, Plaintiff's daily report form amounts to a mere report to an employer regarding a regulatory violation, which does not qualify as protected activity. (Yesudian, supra, 153 F.3d at 743.) Therefore, Plaintiff's report does not amount to a protected activity for which whistleblower protection is available.

///

Furthermore, TERRA-VAC was unaware of Plaintiff's investigation and had no way of knowing that Plaintiff was participating in activities protected by the False Claims Act. The only report that Plaintiff alleges that he made to TERRA-VAC regarding these alleged illegal activities was included in his daily report form. This is information that is ordinarily included in a daily report form and does not indicate to TERRA-VAC that Plaintiff's is investigating alleged fraudulent activity. In addition, Plaintiff alleges that in late September or early October he discovered that TERRA-VAC was "not in compliance with regulations of the California Air Pollution Control Board, which sets a maximum ppm for emissions." (*See Plaintiff's Complaint, page 4, lines 5-8.*) Plaintiff further alleges that on October 5, 2005 he "informed the Navy of Defendants' fraudulent activities." (*See Plaintiff's Complaint, page 4, lines 10-11.*) Given the short amount of time between Plaintiff's "discovery" and Plaintiff's report to the Navy, TERRA-VAC could not possibly have known that Plaintiff was engaging in protected activity. Plaintiff alleges only one report regarding any alleged fraudulent activity and it was made to the Navy anonymously, not to TERRA-VAC. (*See Plaintiff's Complaint, page 4, lines 10-11.*) Nowhere in Plaintiff's complaint does he allege that he reported his allegations of fraud to TERRA-VAC.

Terra-Vac's reason for terminating Plaintiff's employment was poor performance and not discrimination based on protected conduct. (*See Plaintiff's Complaint, page 4, lines 17-18.*) Plaintiff has made no showing that he ever had or ever will have any intention of filing a qui tam action. For the foregoing reasons, Plaintiff's cause of action for violation of the False Claims Act fails to state a claim and should be dismissed.

## II.

## PLAINTIFF SECOND CAUSE OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

The qualified privilege of California Civil Code section 47(c) bars Plaintiff's second and third causes of action. When considering a motion to dismiss, the court must accept as true any allegations made by a plaintiff, however, the court has no duty to accept as true conclusionary allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. (Transphase Systems, Inc. v. Southern California Edison Co. 839 F.Supp. 711 (C.D. Cal. 1993.) The

court also does not have to assume that a plaintiff can prove facts different from those alleged. (Associated General Contractors of California, Inc. (1983) 459 U.S. 519, 526, 103 S.Ct. 897, 902.) Plaintiff's claim that "Defendants' false reports...constitute malice..." is just such a conclusionary allegation. (*Plaintiff's Memorandum in Opposition to Motion to Dismiss, page 9, line 9.*) Plaintiff has failed to allege malice sufficient to overcome the conditional privilege provided by California Civil Code section 47(c).

Plaintiff's claim that the qualified privilege contained in California Civil Code section 47(c) does not apply to a cause of action brought under California Labor Code section 1054 is unfounded. There is no indication that the qualified privilege of California Civil Code section 47(c) does not apply to this cause of action. Plaintiff argues that the legislature enacted Labor Code section 1054 in 1937 when it "determined that it was 'not okay' to misrepresent important facts to a prospective employer." (*See Plaintiff's Memorandum in Opposition to Motion to Dismiss, page 9, line 1.*) California Civil Code section 47(c) providing a privilege for statements made to a prospective employer was enacted in 1872. The legislature in 1937 knew about Civil Code section 47(c), however, it included no indication that the privilege would not apply. On its face, the conditional privilege clearly applies to causes of action brought under Labor Code section 1054.

A cause of action brought under California Labor Code section 1054 is not, as Plaintiff asserts, a claim for interference with prospective employment, it is a claim for misrepresentation to a potential employer. A misrepresentation to a potential employer is analogous to a cause of action for slander or libel. TERRA-VAC, just like Plaintiff, could find no case that exactly identified the statute of limitations that applies to causes of action brought under Labor Code section 1054. However, Plaintiff's claim that California Code of Civil Procedure section 338(a) applies is erroneous because the section clearly states that it applies to "an action upon a liability created by statute, **other than penalty** or forfeiture, within three years." [Emphasis Added.] Labor Code section 1054 provides a statutory penalty of treble damages for a misrepresentation made in an attempt to prevent a former employee from gaining employment pursuant to section 1050. For this reason, the three-year statute of limitations contained in Code of Civil Procedure section 338(a) does not apply.

///

1     Plaintiff's attempt to argue that a cause of action brought under the Dance Act for fraudulent solicitation by dance studios is more analogous than a cause of action for slander or libel is misplaced. (*See Plaintiff's Memorandum in Opposition to Motion to Dismiss, page 8, lines 10-13.*) If Plaintiff had brought a common law cause of action for misrepresentation to a potential employer, the cause of action would have been for libel or slander and the one year statute of limitation pursuant to California Code of Civil Procedure section 340(c) would apply. There is no reason why, if the cause of action is brought as a statutory misrepresentation to a potential employer, that the statute of limitations would be any different.

    In both his second and third causes of action, Plaintiff has failed to allege that any misrepresentations occurred within the one year statute of limitations that applies to causes of action for libel and slander. (California Code of Civil Procedure 340(c).) Therefore, because these statements are either privileged or occurred beyond the one year statue of limitations, Plaintiff's second and third causes of action should be dismissed.

Dated: April 24, 2008

**MAXIE RHEINHEIMER STEPHENS & VREVICH, LLP**

By: _____
Barry M. Vrevich
Jillian M. Fairchild
Attorneys for Defendant, **TERRA VAC CORPORATION and TERRA-VAC, INC. dba TERRA-VAC, P.R.**