# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JACOB CALANNO, | CASE NO. 07CV2052 BTM (POR) |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| vs. | |
| TERRA VAC CORPORATION, ET. AL., | |
| Defendant. | |

On October 29, 2007, Plaintiff Jacob Calanno brought suit against Defendants Terra Vac Corporation and Terra-Vac Inc. alleging (1) violation of the False Claims Act; (2) misrepresentation to potential employers; and (3) libel and slander per se. Defendants have brought a motion to dismiss these three causes of action on various grounds pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). For the reasons set forth below, the Court DENIES Defendants' motion to dismiss.

<u>FACTUAL BACKGROUND</u>

The following facts are taken from Plaintiff's Complaint. The Court makes no findings as to the truth of these allegations.

Plaintiff worked for a series of companies, including Defendants, which contracted with the U.S. Navy to perform environmental tasks at the El Centro Naval Air Facility ("Airbase.") By 2005, Plaintiff was a senior incinerator operator and field operations supervisor. As part of the contract with the Navy, Defendants dug wells and removed water which contained contaminant vapors such as lead, mercury, aviation fuel and sewage by use of "slurp tubes."

One of Plaintiff's duties was to separate and incinerate the contaminant vapors. The slurp tubes also brought up debris, which was trapped in a filter screen, and needed to be manually cleaned.

James Keegan, Defendants' project manager, directed Plaintiff to raise the slurp tubes three feet off the bottom of the wells. Raising the slurp tubes benefitted Defendants by reducing the debris trapped in the filter and thereby cutting filter supply costs and labor costs. It also, however, resulted in an inability to bring up the toxic vapors that Plaintiff was employed to incinerate. Keegan also ordered that the gas used for calibrating the meter that monitored contaminants be changed from methane to hexane, which artificially inflated the vapor removal performance numbers reported to the Navy. Defendants had a performance-based contract with the Navy and renewal of that contract was also based on performance. Keegan ordered the manipulation of the slurp tube and misrepresented the performance and effectiveness of the vapor removal to the Navy in order obtain a positive performance review and a renewal of Defendants' contract with the Navy.

In late September or early October 2005, Plaintiff discovered that Defendants' emission levels were not in compliance with regulations of the California Air Pollution Control Board. Plaintiff immediately reported this to Keegan on his daily report form.

Because Plaintiff believed that Defendants' were misrepresenting its emissions to the Navy, he informed the Navy of Defendants' fraudulent activities on October 5, 2005. Although Plaintiffs' report was anonymous, few, if any, other employees of Defendants could have known the facts contained in the anonymous report. The Navy subsequently hired Bechtel Co. to conduct an independent audit of Defendants' activities. Bechtel's report confirmed Plaintiff's concerns.

On October 26, 2005, Keegan informed Plaintiff that he was being terminated. His last day of work was October 28, 2005.

## DISCUSSION

A motion to dismiss for failure to state a claim will be denied unless it appears that "no relief could be granted under any set of facts that could be proved consistent with the

allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986).

A.   False Claims Act

Defendants argue that Plaintiff's first cause of action should be dismissed because he failed to plead the elements required for retaliation under the False Claims Act. "Congress added 31 U.S.C. § 3730(h) to the [False Claims Act] in 1986 to protect 'whistleblowers,' those who come forward with evidence their employer is defrauding the government, from retaliation by their employer." U.S. ex. rel. Hopper v. Anton, 91 F.3d 1261, 1269 (9th Cir. 1996).  Pursuant to 31 U.S.C. § 3730(h), the employee must show the following: "1) the employee must have been engaging in conduct protected under the Act; 2) the employer must have known that the employee was engaging in such conduct; and 3) the employer must have discriminated against the employee because of her protected conduct." Id.

Contrary to Defendants' arguments, the Court finds that Plaintiff has sufficiently pled all three of the above elements for a whistleblower cause of action under the False Claims Act. Plaintiff informed a government official that Defendants were defrauding the government by misrepresenting its performance regarding toxic vapor removal and the emission levels generated by the Airbase.  In doing so, Plaintiff engaged in exactly the type of activity that the retaliation provisions of the False Claims Act were designed to protect.[1]  Wang v. FMC Corp., 975 F.2d 1412, 1419 (9th Cir. 1992)("The paradigm qui tam plaintiff is the whistleblowing insider.")  As Defendants concede, the filing of a qui tam action under the False Claims Act is not necessary to obtain whistleblower protection under its provisions. U.S. ex. rel. Yesudian v. Howard University, 153 F.3d 731 (D.C. Cir. 1998). Plaintiff reported his allegations of fraud and therefore acted in furtherance of an action under the False Claims Act.

Plaintiff's complaint is also sufficient to allege that his employer knew he was

---

[1]   The cases cited by Defendants are inapposite as they deal with the sufficiency of investigation activities by plaintiffs who did not report fraud to a government official.

engaging in protected conduct. Although Plaintiff reported Defendants' fraudulent activities to the Navy anonymously, the allegations regarding the limited availability of the information contained in the report and the proximity in time between the anonymous report and Plaintiff's termination are sufficient to plead that Defendants knew of Plaintiff's conduct. Finally, it is undisputed that Plaintiff alleges that his termination was a result of his report to the Navy.  For the reasons set forth above, the Court concludes that Plaintiff has sufficiently plead a claim for retaliation under the False Claims Act. The Court therefore DENIES Defendants' motion to dismiss Plaintiff's first cause of action.

B.   Malice

Defendants argue that Plaintiff's second cause of action for violations of Labor Code §§ 1050 and 1054 and third cause of action for libel and slander should be dismissed because (1) the allegedly false statements were privileged; and (2) Plaintiff failed to properly plead malice as required for liability for privileged statements.  The Court disagrees.

Labor Code §§ 1050 and 1054 establish liability for an employer who "after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment." Plaintiff's second cause of action is, therefore, similar to his third cause of action which alleges slander and libel. Both causes of action are subject to the qualified immunity privilege set forth in Civil Code § 47. O'Shea v. General Telephone Co., 193 Cal.App.3d 1040, 1047 (1987).

California Civil Code § 47 provides that a

> privileged publication or broadcast is one made . . . In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant.

Where the existence of privilege is disclosed on the face of the complaint, "malice is

not presumed, and in order to state a cause of action the pleading must contain affirmative allegations of malice in fact." <u>Jackson v. Underwriters' Report</u>, 21 Cal. App. 2d 591, 593 (1937).

Plaintiff's complaint alleges that Defendants misrepresented Plaintiff's performance and reasons for termination to potential employers, to the U.S. Navy, and to Bechtel investigators. Because Plaintiff's allegations do not specify the exact circumstances surrounding these misrepresentations, it is unclear whether these communications were privileged. For example, it is unclear whether Defendants allegedly made misrepresentations in response to a potential employer's request for information or Defendants engaged in unsolicited communications with employers in Plaintiff's industry defaming Plaintiff. Even assuming that privilege was apparent on the face of the complaint, the Court finds that Plaintiff's complaint is sufficient to allege malice. Plaintiff alleges in his complaint that Defendants terminated him in retaliation for his whistleblowing activities and "in order to establish Plaintiff as a scapegoat for its own wrongdoing." (Complaint ¶ 23) These allegations are sufficient to plead that Defendants' alleged representations regarding Plaintiff's job performance and reasons for termination were intentionally false and, therefore, malicious. <u>Noel v. River Hills Wilsons, Inc.</u>, 113 Cal. App. 4th 1363, 1370 (2003) ("The malice necessary to defeat a qualified privilege is . . . established . . . by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.") Because the Court concludes that Plaintiff's pleadings were sufficient to plead Defendants' malice, it therefore DENIES Defendants' motion to dismiss the second and third causes of action on that ground.

C.      <u>Statute of Limitations</u>

Finally, Defendants argue that Plaintiff's second and third causes of action for misrepresentation to a prospective employer and defamation are barred by the statute of limitations because Plaintiff does not allege statements made within one year of filing suit.

The Court agrees with Defendants that the applicable statute of limitation for both

causes of action is one year pursuant to California Code of Civil Procedure § 340(a). <u>See</u> <u>Walker v. Boeing Corp.</u>, 218 F. Supp. 2d 1177, 1185 n.4 (C.D. Cal. 2002) ("Labor Code section 1050 claims are similar to claims for defamation or tortious infliction of emotional distress and are governed by the same one-year limitations period.")  Contrary to Plaintiff's argument, the applicable statute of limitations is not three years for "an action upon a liability created by statute, other than a penalty or forfeiture."  By providing for treble damages, §1054 provides for a penalty and therefore the three year statute of limitations does not govern actions under this provision.  <u>See</u> Cal. Labor Code § 1054 ("In addition to and apart from the criminal penalty provided any person or agent or officer thereof, who violates any provision of sections 1050 to 1052, inclusive, is liable to the party aggrieved, in a civil action, for treble damages.")

    Plaintiff's complaint does not specify the timing of the alleged misrepresentations. Because Plaintiff does not limit his complaint to misrepresentations that occurred outside of the one-year statute of limitations, the Court cannot find that no relief can be granted on the facts alleged by Plaintiff.  The Court therefore DENIES Defendants' motion to dismiss Plaintiff's second and third causes of action on this ground.[2]

CONCLUSION

    For the reasons set forth above, the Court DENIES Defendants' motion to dismiss Plaintiff's complaint.

 IT IS SO ORDERED.

DATED: May 22, 2008

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge

---

[2] Defendants do not appear to dispute that the Plaintiff's first cause of action was brought in a timely manner. In any case, the Court finds that Plaintiff's filed his False Claims Act claim within two years as required. Although the filing was technically a few days outside the two year statute, Plaintiff correctly points out that the courts were closed during that time period due to the San Diego wildfires.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28