1  Barry M. Vrevich, Esq. (SBN 123999)
   Jillian M. Fairchild, Esq. (SBN 246846)
2  MAXIE RHEINHEIMER STEPHENS & VREVICH, LLP
   350 10TH Avenue, Suite 900
3  San Diego, CA 92101
   (619) 515-1155; Fax (619) 515-1159
4

5  Attorneys for Defendants
   TERRA VAC CORPORATION and
6  TERRA-VAC, INC. dba TERRA-VAC, P.R.

7

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11 JACOB CALANNO,                    )
                                     )   CASE NO. 07cv2052-BTM (POR)
12          Plaintiff,               )
                                     )
13 v.                                )   DEFENDANTS TERRA VAC
                                     )   CORPORATION AND TERR-VAC, INC.
14                                   )   dba TERRA-VAC, P.R.'S ANSWER
   TERRA VAC CORPORATION, a          )   TO PLAINTIFF'S COMPLAINT
15 California corporation; TERRA-    )
   VAC, INC., a corporation, dba     )
16 TERRA-VAC, P.R.; and DOES 1       )   Complaint Filed: 10/29/07
   through 100, inclusive            )
17                                   )
          Defendants.                )
18                                   )
                                     )
19 _____  )

20

21      Defendants TERRA VAC CORPORATION, TERRA-VAC, INC., and TERRA-

22 VAC, P.R. ("Defendants") answer the Plaintiff's Complaint and submit

23 their defenses and counter-claims as follows:

24                  **GENERAL DENIAL AND ANSWER**

25      Defendants deny each and every allegation contained in

26 Plaintiff's Complaint("Complaint")except as hereinafter may be

27 expressly admitted.

28 ///

                                1

1    1.   The allegations contained in paragraph 1 of the Complaint

2 consist of Plaintiff's identification of his state and county of

3 residence to which no response from Defendants is required.

4    2.   Responding to Paragraph 2 of the Complaint, Defendants

5 admit that TERRA-VAC Corporation is a corporation organized in the

6 state of California but denies that TERRA-VAC CORPORATION's charter

7 has been forfeited.

8    3.   Responding to Paragraph 3 of the Complaint, Defendants

9 admit that TERRA-VAC, INC. is a corporation organized in an

10 unincorporated territory of the United States but lacks sufficient

11 knowledge or information to form a belief as to the truth of

12 allegation that TERRA VAC CORPORATION and TERRA-VAC, INC. "operate

13 as one entity, sharing personnel and financial functions such that

14 each is the alter ego of the other" and therefore deny the same.

15    4.   Defendants admit to the allegations of Paragraph 4.

16    5.   Responding to Paragraph 5 of the Complaint, Defendants

17 admit retention of direction of Plaintiff in his employment but deny

18 controlling all of the material aspects of Plaintiff's employment.

19    6.   The allegations of paragraph 6 are legal conclusions to

20 which no response is required.

21    7.   The allegations of paragraph 7 are legal conclusions to

22 which no response is required.

23    8.   Defendants lack sufficient knowledge or information to

24 form a belief as to the truth of the information contained in

25 paragraph 8, and therefore deny the same.

26    9.   Defendants lack sufficient knowledge or information to

27 form a belief as to the truth of the information contained in

28 paragraph 9, and therefore deny the same.

1      10.   Defendants lack sufficient knowledge or information to
2  form a belief as to the truth of the information contained in
3  paragraph 10, and therefore deny the same.

4      11.   Defendants lack sufficient knowledge or information to
5  form a belief as to the truth of the information contained in
6  paragraph 10 as to what the Defendants "predecessors" performed but
7  Defendants admit the allegations as they pertain to Defendants
8  alone.

9      12.   Defendants admit the allegations contained in Paragraph
10 12.

11      13.   Responding to Paragraph 13 of the Complaint, Defendants
12 admit that James Keegan directed Plaintiff to raise the slurp tube
13 but deny that the rest of the paragraph.

14      14.   Defendants admit the allegations contained in Paragraph
15 14.

16      15.   Defendants deny the allegations contained in Paragraph
17 15.

18      16.   Defendants deny the first sentence of Paragraph 16.
19 Defendants admit that Plaintiff reported an alleged "spike" to James
20 Keegan but deny that this "spike" was dismissed by James Keegan.
21 Defendants lack sufficient knowledge or information to form a belief
22 as to the truth of the last two sentences of Paragraph 16, and
23 therefore deny the same.

24      17.   Defendants lack sufficient knowledge or information to
25 form a belief as to the truth of the information contained in
26 Paragraph 17, and therefore deny the same.

27      18.   Responding to Paragraph 18 of the Complaint, Defendants
28 admit that on October 26, 2005, Keegan informed Plaintiff that he

ANSWER                                          07cv2052-BTM (POR)

1  was being terminated and that Plaintiff's last day of work was

2  October 28, 2005, but deny all other allegations.

3  19.  Defendants deny the allegations contained in Paragraph 19

4  of the Complaint.

5  20.  Paragraph 20 simply incorporates the preceding paragraphs

6  and no response is required.

7  21.  Defendants deny the allegations contained in Paragraphs

8  21-22 of the Complaint.

9  22.  In response to Paragraph 23, Defendants admit discharging

10  Plaintiff but deny all other allegations.

11  23.  Defendants lack sufficient knowledge or information to

12  form a belief as to the truth of the information contained in

13  paragraphs 24-25, and therefore deny the same.

14  24.  Paragraph 26 simply incorporates the preceding paragraphs

15  and no response is required.

16  25.  Defendants deny the allegations contained in Paragraphs

17  27-28 of the Complaint.

18  26.  The allegations of paragraph 29 are legal conclusions to

19  which no response is required.

20  27.  Paragraph 30 simply incorporates the preceding paragraphs

21  and no response is required.

22  28.  Defendants deny the allegations contained in Paragraph 31

23  of the Complaint.

24  29.  The allegations of paragraph 32 are legal conclusions to

25  which no response is required.

26  27.  Defendants deny the allegations contained in Paragraphs

27  33-36 of the Complaint.

28  ///

4

ANSWER                                                07cv2052-BTM (POR)

## AFFIRMATIVE DEFENSES

1.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiff's Complaint in its entirety and each of its causes of action is barred by any and all applicable statute of limitations.

3.   To the extent that any damages sought in the Complaint arise from the sole negligence or willful misconduct of Plaintiff, recovery is precluded.

4.   Plaintiff is not entitled to recover damages in any sum, or sums, or at all, as Plaintiff has failed and refused to mitigate his damages, if any, at all times relevant herein.

5.   The Complaint fails to state the facts sufficient to constitute a basis for an award of attorney's fees against Defendants.

6.   The conduct of Defendants complained of in the Complaint was privileged and justified in that Defendants, in doing the things alleged in the Complaint, were asserting legal rights to engage in the conduct alleged, with a good faith belief in the existence of that right.

7.   The Complaint and each of its cause of action are barred because, at all relevant times, Plaintiff was an at-will employee subject to termination, with or without cause, and with or without notice.

8.   The Complaint and each of its causes of action are barred because all acts of defendant affecting the terms and/or conditions of plaintiff's employment were privileged and done with good cause.

///

ANSWER                                                    07cv2052-BTM (POR)

1     9.   The Complaint and each of its causes of action are barred
2 either in whole or in part by the doctrine of after-acquired
3 evidence.

4     10.  Plaintiff's claims, and any relief sought thereby, are
5 barred because Plaintiff failed to exhaust the available
6 administrative remedies under established internal grievance
7 procedure.

8     11.  The claims of Plaintiff, and any relief sought thereby,
9 are barred, as Plaintiff has unclean hands in and about the matters
10 alleged.

11     12.  Defendants' alleged acts were not the proximate cause of
12 any damages allegedly suffered by Plaintiff, and Plaintiff's damages
13 are instead attributable to the acts of others, including
14 Plaintiff's own acts.

15     13.  All actions taken by Defendants were taken in good faith
16 and for legitimate business reasons.

17     14.  Defendants allege they acted reasonably and in good faith
18 with regard to the acts and transactions that are the subject of the
19 complaint.

20     15.  Plaintiff's claims, and any relief sought thereby, are
21 barred as any alleged conduct of which Plaintiff complains was
22 privileged and justified.

23     16.  Defendants allege that any acts alleged to have been
24 committed by them were committed in the exercise of legitimate and
25 lawful business purposes.

26     17.  Defendants allege that any acts alleged to have been
27 committed by them outweigh whatever harm or impact such acts may
28 have on the Plaintiff.

ANSWER                                   07cv2052-BTM (POR)

1    18.   Defendants allege that Plaintiff's causes of action are

2    barred, in whole or in part, by the doctrine of laches.

3    19.   Defendants allege that Plaintiff's alleged damages were

4    caused and are caused in whole or in part by the negligence,

5    conduct, acts, breaches, omissions, and activities of Plaintiff

6    and/or Plaintiff's agents, or by the acts of other persons,

7    corporations and/or entities, which acts were the intervening and

8    /or superseding cause of the alleged damages, thus barring or

9    reducing Plaintiff's recovery against Defendants.

10    20.   Defendants allege that the Complaint fails to state a

11    claim upon which an award of punitive and exemplary damages can be

12    granted.

13    21.   Any award of punitive damages as sought by plaintiff

14    would violate the due process and excessive fine clauses of the

15    Fifth, Eighth and Fourteen Amendments of the United States

16    Constitution, as well as the Constitution of the State of

17    California.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

7

1    WHEREFORE, having fully answered Plaintiff's Complaint,

2  Defendants pray judgment as follows:

3       1.   That Plaintiff take no thing by way of the Complaint.

4       2.   For costs of suit incurred herein, including attorney's

5            fees.

6       3.   For such other and further relief as the Court deems just

7            and proper.

8

9  Dated: May 2⁹, 2008          **MAXIE RHEINHEIMER STEPHENS &**
                                **VREVICH, LLP**

10

11

12                             By: _____

13                                 Barry M. Vrevich
                                   Jillian M. Fairchild
14                                 Attorneys for Defendant,
                                   **TERRA VAC CORPORATION and**
                                   **TERRA-VAC, INC. dba TERRA-VAC,**
15                                 **P.R.**

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER                                          07cv2052-BTM (POR)